ENGLEBERT, Respondent, v. KING, Appellant.

(18 N. W.2d 794)

(File No. 8755.  Opinion filed May 15, 1945.)

**W. P. Rooney,** of Hot Springs, and **W. J. Hooper,** of Gregory, for Appellant.

**E. B. Adams,** of Hot Springs, for Respondent.

SICKEL, J.  This is action brought by plaintiff to recover the custody of his eight year old daughter, Beverly Lou Englebert. This child was born February 9, 1937, and her

mother died at the time. After her birth until March 30, 1937, the child was kept in the hospital, and then she was placed in the care of defendant, her maternal grandmother. The child and grandmother lived together at the grandmother's until June, 1939, and afterward in plaintiff's home until the plaintiff went to the Panama Canal Zone in October, 1940. While he was there and until his return in August, 1941, the defendant kept the child. In October, 1941, the child went to live with the father, who at that time had remarried. In January, 1942, the child went to live with a Mrs. Weisser and later with Mrs. Sweem. In June, 1942, while the child was living with Mrs. Sweem, the defendant took her to Winner without the father's knowledge or consent, although she had the approval of the child's stepmother. After the grandmother reached Winner with the child, she petitioned to have herself appointed as the child's guardian. The appointment was made and she returned to Hot Springs where she kept the child in her custody. During all of this time the father has made frequent and substantial contributions to the child's support. In the petition for guardianship, the defendant stated that she is a resident of Tripp county and has the child in her custody. The petition does not state the residence of the father, nor does it state any reason why the court should dispense with notice to him. The order of appointment recites that notice to the father is unnecessary and directs that none be given. The defendant did not disclose these guardianship proceedings to the father until in February, 1943, when he went to her house and asked for possession of the child, which defendant refused. Judgment was entered in the circuit court in this action releasing the child from defendant's custody, and the defendant has appealed.

Appellant's contention is that the circuit court erred in deciding that the county court of Tripp county did not have jurisdiction to appoint the guardian because notice of hearing on the petition for appointment was not served on the father of the child.

SDC 35.1802 provides:

"When any such petition is filed, the court must; unless good cause is shown for dispensing with notice, in which

event the appointment may be made without notice, direct that reasonable notice, the manner and method thereof to be determined by the court, be given to any person having the care or custody of the person for whom guardianship is sought and such relatives or other persons as the court determines should have notice of the application."

The question here presented is the discretion of the county court in dispensing with notice for good cause shown under the provisions of the above statute. The rule that must guide the county court in this matter is stated in 25 Am. Jur., Guardian and Ward, § 38, as follows:

"It has been generally held that guardianship proceedings which oust a parent of the custody of a minor child without notice and an opportunity to be heard do not preclude the parent from asserting his right to the custody of the child. In fact, there is authority to the effect that a statute authorizing the removal of a parent as natural guardian without notice and a hearing is violative of both state and Federal Constitutions."

See also Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A. L. R. 238, Annotation 242.

Here the father and the daughter were both residents of Fall River county at the time of the appointment of the guardian. The proceedings were had in Tripp county, and without any notice to the father and without his knowledge and consent. The father never relinquished or abandoned his right to the custody of the child. We, therefore, hold that under the facts, good cause for dispensing with notice, to her father, of the application for appointment of the guardian was not shown and that the county court of Tripp county was without jurisdiction of the necessary parties to the proceeding.

Judgment affirmed.

All the Judges concur.